

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 25, 1952

Hon. Larry O. Cox
Executive Director
Board for Texas State Hospitals
and Special Schools
Austin, Texas                    Opinion No. V-1508

                                 Re: Authority of the Board for
                                     Texas State Hospitals and
                                     Special Schools to relocate
                                     Weaver H. Baker Memorial
Dear Sir:                            Sanatorium.

        Your request for an opinion reads in part as
follows:

        "We desire the opinion of your office
    regarding the legality of the relocation
    of the Weaver H. Baker Memorial Sanatorium,
    which is a tuberculosis sanatorium now
    located near Mission, Texas.

        "The site of the present sanatorium was
    once Moore Army Air Field, and the State
    Board of Control and the State of Texas ac-
    quired the property from the Federal Govern-
    ment after it was declared surplus to the
    U. S. Government's needs.  The deed from the
    Federal Government to the State of Texas
    provided for recapture by the government'
    during any national emergency.

        "We have been notified that Congress
    has enacted legislation and appropriated
    funds to "recapture" this institution.

        "At the present time we have approximately
    nine hundred tuberculosis patients being treat-
    ed at this installation.  We have no other
    installations with sufficient bed space to
    care for any of these patients.  In order to
    prevent these patients from being released,
    many of whose cases are infectious and con-
    tagious, it is absolutely necessary that plans

be made and construction of a new installation be begun at once. Of course, since the incidence of tuberculosis is many times as high in the southern region of the State as in any other portion of the State, it would not be practical to locate the installation in any region north of Travis or Bexar Counties.

"Section 8 of Article 3174b (V.C.S.) seems to indicate that this Board may acquire property for the establishment of tuberculosis sanatoria. However, Subsection (b) of Section 3, Article 11 of House Bill No. 426, Reg. Sess., 52nd Leg., 1951, seems to prohibit any relocation or use of funds in so doing."

Based upon the above facts you ask:

"1. Whether we can legally relocate the Weaver H. Baker Memorial Sanatorium by acquiring a new site by donation or purchase.

"2. If your answer to question number one is in the negative, could we legally relocate the installation on the grounds of some institution already established which might not be a tuberculosis sanatorium? For example the San Antonion State Hospital for mentally ill.

"3. If your answer to either question number one or two is in the affirmative, could this Board legally expend funds at this time for the planning and/or construction of such new installation?"

Section 8 of Article 3174b, V.C.S. (H. B. 1, Acts 51st Leg., R.S., 1949, ch. 316, p. 588) provides:

"The Board for Texas State Hospitals and Special Schools is hereby authorized to negotiate for and to acquire from the United States Government, or any agency thereof, or from any source whatsoever, by gift, purchase, or leasehold, for and on behalf of the State of Texas, for use in the State service, and in the establishment

of State tuberculosis sanatoriums, any
lands, buildings, and facilities within the
State of Texas, and any personal properties
wherever located, and to take title thereto
for and in the name of the State of Texas."

Article 3251a, V.C.S. (S. B. 147, Acts 50th
Leg., R. S. 1947, ch. 44, p. 58) provides:

"The State Board of Control /now Hospi-
tal Board7 is hereby authorized to negotiate
for and to acquire from the United States
Government, or any agency thereof, or from
any source whatsoever, by gift, purchase, or
leasehold, for and on behalf of the State of
Texas, for use in the state eleemosynary
service, and in the establishment of state
tuberculosis sanatoriums, any lands, build-
ings, and facilities within the State of
Texas, and any personal properties wherever
located, and to take title thereto for and
in the name of the State of Texas."

S. B. 374, Acts 50th Leg., R. S., 1947, ch.
330, p. 556, contains the following provision at page
607:

"There is hereby appropriated for the
fiscal year ending August 31, 1948, the sum
of Five Hundred Fifty Thousand ($550,000.00)
Dollars for the conversion and securing of
title to Moore Field near Mission, Texas, in
accordance with Senate Bill No. 147, Acts of
Regular Session, 50th Legislature, 1947 and
establishing the Weaver H. Baker Memorial
Tuberculosis Sanatorium. In the event Moore
Field cannot be secured the Board of Control
shall have authority to establish said Sana-
torium at such other place as the Board of
Control may direct. For the fiscal year
ending August 31, 1949, the unexpended bal-
ance of Five Hundred Fifty Thousand ($550,-
000.00) Dollars is reappropriated for con-
version. For the fiscal year ending August
31, 1948, there is appropriated the sum of
Three Hundred Ten Thousand ($310,000.00)
Dollars to the Weaver H. Baker Memorial

Tuberculosis Sanatorium for salaries, operation, support, maintenance, general improvements, repairs and contingent expenses. For the fiscal year ending August 31, 1949, there is appropriated Six Hundred Thousand ($600,-000.00) Dollars for salaries, operation, support, maintenance, general improvements repairs and contingent expenses. Upon the establishment of such hospital, patients shall be admitted thereto in accordance with the laws, rules and regulations applicable to the admission of patients to the State Tuberculosis Sanatorium at Carlsbad, Texas."

The Weaver H. Baker Memorial Tuberculosis Sanatorium was located near Mission, Texas, with funds appropriated by the above-quoted provisions. In the purchase of Moore Field the deed of conveyance was made subject to the right of the Federal Government to "recapture" Moore Field during any national emergency. As stated by you the Federal Government now desires to "recapture" this property.

It was held in the letter opinion of this office to the Chairman of the Senate Finance Committee dated May 16, 1947, that the South Texas Tuberculosis Sanatorium located at Laredo, Texas, could not be relocated until legislation had been enacted authorizing such a change in location. Further, it was held in Attorney General's Opinion No. V-1190 (1951) that the Board for Texas State Hospitals and Special Schools was without authority to establish a new institution, stating:

". . . Specific acts of the Legislature have authorized the creation and establishment of institutions within the jurisdiction of the Board for Texas State Hospitals and Special Schools. An examination of the acts in question reveals that specific authorization has been deemed necessary in the past. (See Chapters 1, 2 and 3, Title 51, V.C.S.) In the absence of such authority, it is our opinion that a new institution may not be established."

Since the Weaver H. Baker Memorial Tuberculosis Sanatorium has previously been located at the former site of Moore Field at Mission, Texas, it is our opinion that

the Board for Texas State Hospitals and Special Schools is without authority to relocate it at a new site or at another institution until authorized by the Legislature. Subsection (b), Section 3, Article II of House Bill 426, Acts 52nd Leg., 1951, ch. 499, p. 1228, at p. 1289 (the General Appropriation Act) expressly prohibits the expenditure of any of the money appropriated under that act for the relocation of institutions for which authorization has not been granted.

It is noted that Articles 3174b and 3251a, V.C.S., authorize the Board to acquire land and personal property by gift, purchase, or lease for use of institutions under its management and control. Since acquisition by gift does not necessitate the expenditure of money, the power of the Board to accept donations does not depend upon the existence of an appropriation which could be expended for the acquisition of such land. Therefore, you may accept donations of land for the use and benefit of the Weaver H. Baker Sanatorium if you determine it is to the best interest of the public and the institution involved. We make this statement since this office has been informed that certain interested citizens of the Rio Grande Valley area have offered or are in the process of offering certain donations of land to the Board for the use and benefit of the Weaver H. Baker Memorial Sanatorium. However, utilization of the land as a hospital site will have to await authorization by the Legislature.

## SUMMARY

The Board for Texas State Hospitals and Special Schools is without authority to relocate the Weaver H. Baker Memorial Sanatorium until authorized by the Legislature. However, the Board may acquire land by gift for the use and benefit of the Weaver H. Baker Memorial Sanatorium. Arts. 3174b and 3251a, V.C.S.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

By John Reeves
Assistant

JR:am